Robert W. Mockler (SBN 200200)
*rmockler@steptoe.com*
Remi T. Salter (SBN 316327)
*rsalter@steptoe.com*
**STEPTOE & JOHNSON LLP**
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

Attorneys for Plaintiff
IMMERSIVE MANAGEMENT HOLDINGS LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMERSIVE MANAGEMENT HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>INDIGO DRAGON GROUP (UK) LTD.,<br><br>Defendant. | CASE NO.:<br><br>**IMMERSIVE MANAGEMENT HOLDINGS LLC'S PETITION TO CONFIRM ARBITRATION AWARD**<br><br>Date:<br>Time:<br>Courtroom: |

## **PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner Immersive Management Holdings LLC's ("Petitioner" or "IMH"), by and through its counsel, hereby petitions this Court to confirm the final ruling and arbitration award of the JAMS International Arbitration dated September 22, 2021 (the "Final Arbitration Award").

## **NATURE OF ACTION**

1. This is a Petition brought pursuant to the Federal Arbitration Act ("FAA") to confirm and enforce a final arbitration award issued in an arbitration before JAMS in JAMS Case No. 1220065786 (the "Arbitration") between Petitioner and Respondent Indigo Dragon Group (UK) Ltd. ("Respondent" or "IDGL," and together with Petitioner, the "Parties" and each a "Party"). The final arbitration award was issued in favor of IMH and against IDGL in the amount of $45,000,000.00, plus fees and costs in the amount of $130,900.96.

## **PARTIES**

2. Petitioner IMH is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

3. Upon information and belief, Respondent IDGL is a limited company organized and existing under the laws of the United Kingdom ("UK") with its principal place of business in Hong Kong, China. Upon information and belief, IDGL is a citizen of the foreign nations of the United Kingdom and/or China.

## **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically Chapter Two of the Federal Arbitration Act. 9 U.S.C. § 203.

5. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(2) in that this is a civil action between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of

interest and costs. Petitioner IMH is a Delaware LLC based in Los Angeles, California and its two members, Cary Granat and Ed Jones, are individuals who are citizens of California and Texas, respectively. Respondent is a citizen or subject of a foreign state.

6. This Court has personal jurisdiction over the Parties because they have availed themselves to the forum voluntarily by agreeing to participate in the arbitration underlying this Petition in this forum.

7. Venue is proper in the United States District Court for the Central District of California pursuant to 9 U.S.C. § 9 because this is the judicial district in which the arbitration award sought to be confirmed was made.

## FACTUAL BACKGROUND

8. Petitioner IMH is a first of its kind business conceived to develop state-of-the-art entertainment parks, including Westworld style theme parks that use virtual reality and digital effects technology to give consumers realistic, immersive experiences. To bring this experience to life, IMH sought to partner with funders in a joint venture in which IMH would contribute the operations, technology and creative teams of its affiliate company, Immersive Artistry, LLC, and its subsidiaries, and the funder would bring a minimum of $45 million of funding to a 50/50 venture under a new entity, Culture Fusion LLC ("Culture Fusion").

9. Kahlil Piscopo and Ryan Kinghorn are the CEO and COO, respectively, of Respondent IDGL. Mr. Piscopo and Mr. Kinghorn held IDGL out as a sophisticated company experienced with large investments around the world and substantial funds in the billions under their control. Mr. Piscopo recognized the ingenuity and promise of IMH's vision, and expressed interest that IDGL wanted to be IMH's partner and fund the joint venture, and wished to proceed immediately. IDGL represented to IMH that it had more than sufficient capital to make an initial $15-45 million investment to launch Culture Fusion. Indeed, IDGL

1  regularly referred to, and showed IMH evidence of, investments in the hundreds of
2  millions of dollars and capital backing in the billions of dollars. Based on IDGL's
3  representations, IMH decided to move forward.

4       10.    On April 2, 2020, IMH and IDGL solidified the deal by entering into
5  a Letter Agreement, in which IDGL agreed to provide $45,000,000.00 in funding
6  in the form of capital contributions towards the joint venture between the Parties.
7  The Letter Agreement governs the Parties' contractual relationship. Attached as
8  Exhibit 1 to the accompanying declaration of Remi Salter is a true and correct copy
9  of the Letter Agreement between IDGL and IMH.

10       11.    Clause 5 of the Letter Agreement contains a mandatory arbitration
11  provision specifying that:

> any dispute under or relating to the terms of this Letter Agreement or any breach thereof . . . shall be submitted to binding arbitration by JAMS, before a single arbitrator (who will have extensive experience arbitrating disputes in the entertainment industry), in Los Angeles, California in accordance with the rules promulgated by said association and any judgment and award rendered thereby may be confirmed by any court having jurisdiction thereof.

21       12.    A dispute arose between IMH and IDGL when IDGL failed to pay the
22  $45,000,000 in funding explicitly called for in the Letter Agreement, despite IMH
23  having performed its obligations under the Letter Agreement.

24       13.    On July 20, 2020, IMH commenced arbitration against IDGL for
25  breach of the Letter Agreement and fraud. JAMS provided notice to all parties on
26  August 6, 2020 that it had received IMH's Request for Arbitration. Ms. Barbara A.
27  Reeves, Esq. (the "Arbitrator") was appointed as the arbitrator in accordance with
28  the JAMS International Rules of Arbitration on November 24, 2020.

14. On July 21, 2021, the arbitration took place before the Arbitrator in Los Angeles, California, conducted via the JAMS Zoom platform due to the COVID-19 pandemic. IDGL failed to appear, and failed to submit a Statement of Defense. IMH submitted an Arbitration Brief, exhibits, and the declaration and testimony of Cary Granat and Robert Mockler.

15. On August 9, 2021, the arbitrator closed the proceedings. The Arbitrator reopened the proceedings on August 31, 2021 requesting additional submissions on Delaware law and remedies sought, which IMH provided. The proceedings were subsequently closed on September 14, 2021.

16. On September 22, 2021, the Arbitrator issued a detailed ten-page arbitration award, ruling that:

> i.) within thirty days from the date of the Final Award, IDGL was to pay to IMH $45,000,000.00 in accordance with the April 2, 2020, Letter Agreement to fund its full capital contribution in a joint venture, Culture Fusion Ltd., for the purposes of, among other things, funding and operating Culture Fusion operations containing the operations of Immersive Artistry, LLC and its subsidiaries ("Immersive Artistry");
>
> ii.) IMH and IDGL would each own 50% of the equity interests of Culture Fusion and have mutual approval over the business of Culture Fusion; and
>
> iii.) within thirty days from the date of the Final Award, IDGL was to pay to IMH fees and costs in the amount of $130,900.96.

Attached as Exhibit 3 to the accompanying declaration of Remi Salter is a true and correct copy of the final ruling and arbitration award of the JAMS International Arbitration dated September 22, 2021 (the "Final Arbitration Award").

17. To date, IDGL has not paid any portion of the Final Arbitration Award.

18. IMH herby petitions this Court to confirm the Final Arbitration Award attached as Exhibit 3 to the accompanying Declaration of Remi Salter pursuant to the Federal Arbitration Act, and direct that judgment be entered thereon.

## COUNT ONE

### (Confirm Arbitration Award under the Federal Arbitration Act)

19. Petitioner repeats and realleges paragraphs 1 through _, as if fully set forth within.

20. The Final Arbitration Award should be confirmed. Confirmation of the Final Arbitration Award is warranted pursuant to the FAA as the Letter Agreement contains a written agreement to arbitrate involving interstate commerce and provides that this Court may enter judgment on the award. 9 U.S.C. § 2, 9.

21. The FAA requires that an arbitration award be confirmed unless the court finds grounds to vacate, modify, or correct the award. 9 U.S.C. § 9. None of the grounds set forth in the FAA for vacatur, modification, or correction exists with respect to the Final Arbitration Award.

22. The Petition is timely as Petitioner has brought this action within one year after the Final Arbitration Award was made on September 22, 2021. 9 U.S.C. § 9.

## PRAYER FOR RELIEF

WHEREFORE, the Court should enter judgment in favor of IMH and against IDGL:

1. Confirming the Final Arbitration Award in favor of IMH in the underlying arbitration, as authorized by Section 9 of the Federal Arbitration Act;
2. Ordering IDGL to pay to IMH $45,000,000.00 in accordance with the April 2, 2020, Letter Agreement as provided in the Arbitration Award;

3. Ordering IDGL to pay to IMH fees and costs in the amount of $130,900.96 as provided in the Final Arbitration Award; and

4. Granting any and all other relief that the Court deems just and proper.

DATED: November 11, 2021    STEPTOE & JOHNSON LLP

By: */s/ Robert W. Mockler*
    Robert W. Mockler
    Remi Salter
Attorneys for Plaintiff IMMERSIVE MANAGEMENT HOLDINGS LLC